(117 So. 231)
### WALKER v. STATE. (6 Div. 419.)

Court of Appeals of Alabama. May 15, 1928.

Rehearing Denied June 5, 1928.

J. J. Curtis, J. M. Pennington and J. B. Powell, all of Jasper, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

RICE, J. Randolph Warren came to his death as the proximate result of a wound caused by a pistol shot, while in the exclusive company of this appellant, who was charged by indictment with the offense of murder in the first degree, for his killing. Upon a trial, appellant was convicted of the offense of manslaughter in the first degree and given a sentence to serve four years' imprisonment in the penitentiary.

It appears that upon the occasion of the shooting and death of Warren, he and this appellant were the sole occupants of a Ford automobile, the property of appellant; that they were not over 200 yards from a party of friends, out in a roadway, or in a field, where they would have been in plain view of this company of people, had it not been in the nighttime. Appellant and Warren were on friendly terms, having been together, with their families, in social intercourse, during the same evening of and just preceding the time of the shooting. There was no eyewitness to the shooting other than appellant. No motive worthy of mention was shown for appellant to have taken the life of the deceased.

The court has carefully read the entire evidence in the case, sitting en banc. We will not detail it, but after giving it mature consideration we state our conclusion to be that the trial court erred in overruling appellant's motion to set aside the verdict of the jury and grant to him a new trial.

The only direct testimony as to how the shooting occurred came from the lips of appellant. According to his story, Warren, the deceased, who was very drunk, picked up his, appellant's, pistol from the cushion of the front seat of the car, and proceeded to fire several shots from same, whereupon appellant undertook to get the pistol away from deceased. In the scuffle, according to appellant, the pistol was at all times in the control of deceased, and went off, or was fired by deceased, at the time deceased was shot, while appellant only had hold of the barrel of the gun.

It is our opinion, and we hold, that every circumstance testified to by any state's witness, or any other witness, can be easily, obviously, and without hesitation reconciled with the truth of the story told by appellant. If it be conceded that the circumstances detailed on behalf of the state operated to justify the court in refusing to give, at appellant's request, the general affirmative charge in his favor, there can, in our opinion, be no doubt of the insufficiency of such testimony to sustain his conviction.

We will not treat the other exceptions reserved, since they will probably not occur upon another trial. But for the error in overruling appellant's motion for a new trial, the judgment is reversed and the cause remanded.

Reversed and remanded.